**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

ROBERT W. HALL, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

Plaintiff,

vs. CIVIL ACTION NO.: 1:09-CV-0057 JLH

EQUITY NATIONAL LIFE INSURANCE COMPANY merged into LIFE INVESTORS INSURANCE COMPANY OF AMERICA n/k/a TRANSAMERICA LIFE INSURANCE COMPANY; LIFE INVESTORS INSURANCE COMPANY OF AMERICA n/k/a TRANSAMERICA LIFE INSURANCE COMPANY and AEGON USA, INC., parent company of LIFE INVESTORS INSURANCE COMPANY OF AMERICA n/k/a TRANSAMERICA LIFE INSURANCE COMPANY

Defendants.
_______________________________________________/

**ANSWER AND DEFENSES OF AEGON USA, INC.**

AEGON USA, Inc., now known as AEGON USA, LLC ("AEGON USA") hereby answers the Class Action Complaint originally filed on November 3, 2009, with the United States District Court for the Eastern District of Arkansas (the "Complaint") by denying each and every allegation, matter, and thing contained in the Complaint that is not specifically admitted below and by responding to the individually numbered paragraphs of the Complaint as follows:

1. AEGON USA is not a party to the plaintiff's insurance policy. To the extent Paragraph 1 purports to interpret plaintiff's insurance policy or any other policies, the terms of the policies speak for themselves and AEGON USA denies any statement or interpretation contained in Paragraph 1 that is inconsistent or conflicts with the policies' terms. AEGON USA denies all other allegations of Paragraph 1.

2. AEGON USA is not a party to the plaintiff's insurance policy. To the extent Paragraph 2 purports to interpret plaintiff's insurance policy or any other policies, the terms of the policies speak for themselves and AEGON USA denies any statement or interpretation contained in Paragraph 2 that is inconsistent or conflicts with the policies' terms. AEGON USA denies all other allegations of Paragraph 2.

3. AEGON USA is not a party to the plaintiff's insurance policy. To the extent Paragraph 3 purports to interpret plaintiff's insurance policy or any other policies, the terms of the policies speak for themselves and AEGON USA denies any statement or interpretation contained in Paragraph 3 that is inconsistent or conflicts with the policies' terms. AEGON USA denies all other allegations of Paragraph 3.

4. AEGON USA is not a party to the plaintiff's insurance policy. To the extent Paragraph 4 purports to interpret plaintiff's insurance policy or any other policies, the terms of the policies speak for themselves and AEGON USA denies any statement or interpretation contained in Paragraph 4 that is inconsistent or conflicts with the policies' terms. AEGON USA denies all other allegations of Paragraph 4.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. AEGON USA admits that the plaintiff seeks to represent a "class" and "sub-classes" of persons as alleged in paragraph 11, but AEGON USA denies that this putative "class" and "sub-classes" are properly defined or that they comply with the requirements of Rule 23,

Federal Rules of Civil Procedure. AEGON USA further denies that class action treatment is appropriate in this case, and denies that plaintiff is entitled to any of the relief listed in paragraph 11.

**PARTIES**

12. AEGON USA is not a party to the plaintiff's insurance policy. AEGON USA denies the allegations of paragraph 12 regarding plaintiff's residence for lack of information. AEGON USA denies all other allegations of paragraph 12.

13. Paragraph 13 is not directed at AEGON USA and therefore requires no response.

14. Paragraph 14 is not directed at AEGON USA and therefore requires no response.

15. Paragraph 15 is not directed at AEGON USA and therefore requires no response.

16. Denied.

17. Denied.

18. Denied.

19. To the extent that paragraph 19 is not directed at AEGON USA, no response is required. AEGON USA otherwise adopts the response of Transamerica Life Insurance Company ("Transamerica Life") to paragraph 19.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

**JURISDICTION AND VENUE**

25. Denied.

26. Denied.

## CLASS ALLEGATIONS

27. AEGON USA admits that the plaintiff seeks to represent a "class" of persons as alleged in paragraph 27, but AEGON USA denies the putative "class" and "subclasses" are appropriately defined or that they comply with the Federal Rules of Civil Procedure. AEGON USA further denies that class action treatment is appropriate in this case.

28. Denied.

29. Denied, including all subparts thereof.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## FACTS – PLAINTIFF HALL

38. AEGON USA is not a party to the plaintiff's insurance policy. To the extent Paragraph 38 purports to interpret the insurance policy, the terms of the policy speak for themselves and AEGON USA denies any statement or interpretation contained in Paragraph 38 that is inconsistent or conflicts with the policy's terms. AEGON USA denies all other allegations of Paragraph 38.

39. Paragraph 39 is not directed at AEGON USA and therefore requires no response. AEGON USA otherwise adopts the response of Transamerica Life to paragraph 39.

40. AEGON USA is not a party to the plaintiff's insurance policy and therefore

denies the allegations of Paragraph 40.

41. AEGON USA denies the allegations of Paragraph 41 for lack of information.

42. AEGON USA is not a party to the plaintiff's insurance policy and therefore denies the allegations of Paragraph 42.

**COUNT I**

**(BREACH OF CONTRACT)**

43. AEGON USA hereby adopts and incorporates its answers, denials and other responses to the prior corresponding paragraphs of the Complaint.

44. AEGON USA is not a party to the plaintiff's insurance policy. To the extent Paragraph 44 purports to interpret the insurance policy, the terms of the policy speak for themselves and AEGON USA denies any statement or interpretation contained in Paragraph 44 that is inconsistent or conflicts with the policy's terms. AEGON USA denies all other allegations of Paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

**COUNT II**

**(BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING)**

50. AEGON USA hereby adopts and incorporates its answers, denials and other responses to the prior corresponding paragraphs of the Complaint.

51. AEGON USA is not a party to the plaintiff's insurance policy. To the extent Paragraph 51 purports to interpret the insurance policy, the terms of the policy speak for

themselves and AEGON USA denies any statement or interpretation contained in Paragraph 51 that is inconsistent or conflicts with the policy's terms. AEGON USA denies all other allegations of Paragraph 51.

52. To the extent that paragraph 52 states a legal conclusion, no response is required. To the extent that paragraph 52 states any factual allegations, AEGON USA denies all such allegations of paragraph 52.

53. To the extent that paragraph 53 states a legal conclusion, no response is required. To the extent that paragraph 53 states any factual allegations, AEGON USA denies all such allegations of paragraph 53.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT III

## (UNJUST ENRICHMENT AND DISGORGEMENT)

58. AEGON USA hereby adopts and incorporates its answers, denials and other responses to the prior corresponding paragraphs of the Complaint.

59. Denied.

60. Denied.

61. AEGON USA denies that plaintiff or the putative class members are entitled to the relief sought in paragraph 61.

**COUNT IV**

**(DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF)**

62. AEGON USA hereby adopts and incorporates its answers, denials and other responses to the prior corresponding paragraphs of the Complaint.

63. Denied.

64. Denied.

**COUNT V**

**(BAD FAITH DENIAL OF BENEFITS)**

65. AEGON USA hereby adopts and incorporates its answers, denials and other responses to the prior corresponding paragraphs of the Complaint.

66. AEGON USA is not a party to the plaintiff's insurance policy. To the extent Paragraph 66 purports to interpret the insurance policy, the terms of the policy speak for themselves and AEGON USA denies any statement or interpretation contained in Paragraph 66 that is inconsistent or conflicts with the policy's terms. AEGON USA denies all other allegations of Paragraph 66.

67. To the extent that paragraph 67 states a legal conclusion, no response is required. To the extent that paragraph 67 states any factual allegations, AEGON USA denies all such allegations of paragraph 67.

68. Denied.

69. AEGON USA is not a party to the plaintiff's insurance policy. To the extent Paragraph 69 purports to interpret the insurance policy, the terms of the policy speak for themselves and AEGON USA denies any statement or interpretation contained in Paragraph 69 that is inconsistent or conflicts with the policy's terms. AEGON USA denies all other allegations of Paragraph 69.

70. Denied.

71. Denied.

72. Denied.

**DAMAGES**

**(Bad Faith)**

73. AEGON USA denies the allegations of paragraph 73, and denies that plaintiff or any putative class member is entitled to judgment against it or to any of the relief listed in paragraph 73.

74. Denied.

75. Denied.

76. Denied.

77. AEGON USA denies that plaintiff or any putative class member is entitled to any punitive damages.

**PRAYER**

AEGON USA denies that plaintiff is entitled to judgment against it or to any of the relief listed in the Prayer for relief in the Complaint, including all sub-parts thereof, or any other relief whatsoever that may be requested elsewhere in the Complaint.

**JURY DEMAND**

Plaintiff's Jury Demand does not contain factual allegations and therefore requires no response.

**AFFIRMATIVE AND OTHER DEFENSES**

**First Defense**

The Court lacks personal jurisdiction over AEGON USA.

**Second Defense**

There is insufficient service of process with respect to AEGON USA.

**Third Defense**

AEGON USA is not a party to Robert W. Hall's insurance policy referenced in the Complaint (the "Policy") and is therefore not liable to the plaintiff as a matter of law.

**Fourth Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Fifth Defense**

All claims asserted in the Complaint are barred because Transamerica Life has paid all benefits due under the plaintiff's insurance policy.

**Sixth Defense**

All claims asserted in the Complaint are barred because AEGON USA did not engage in any unlawful conduct, and no act or omission of AEGON USA caused the plaintiff any injury, including the injury alleged in the Complaint.

**Seventh Defense**

All claims asserted in the Complaint are barred by the express terms of the Policy.

**Eighth Defense**

All claims asserted in the Complaint are barred because at all times Transamerica Life acted in good faith in dealing with the plaintiff and his claims for benefits.

**Ninth Defense**

All claims asserted in the Complaint are barred because plaintiff construes the Policy in a manner that renders the Policy unconscionable.

**Tenth Defense**

All claims asserted in the Complaint are barred because plaintiff construes the Policy in a

manner that renders performance impracticable and/or frustrates the purpose of the contract.

**Eleventh Defense**

The claims for equitable, declaratory, and injunctive relief are barred because plaintiff has an adequate remedy at law.

**Twelfth Defense**

Some or all of the claims in the Complaint may be barred by the applicable statute of limitations.

**Thirteenth Defense**

The plaintiff lacks standing to bring some or all of the claims asserted in the Complaint.

**Fourteenth Defense**

The Complaint fails to allege a basis for the relief claimed, including without limitation, any claims for punitive damages, statutory damages, and attorneys' fees.

**Fifteenth Defense**

All claims asserted in the Complaint are barred, in whole or in part, by the doctrines of ratification, waiver, estoppel, and/or unclean hands.

**Sixteenth Defense**

All claims asserted in the Complaint are barred, in whole or in part, by the failure to adhere to and perform contractual conditions and the failure to abide by the contract, including but not limited to the failure to submit an adequate proof of loss that supports each claim for benefits in dispute.

**Seventeenth Defense**

All claims asserted in the Complaint are barred because plaintiff has failed or refused to comply with the terms and conditions of the Policy, including but not limited to the failure to submit adequate proof of loss showing the actual amounts charged by and accepted by the

providers for the services rendered.

**Eighteenth Defense**

Damages alleged in this action were caused in whole or in part by the independent, intervening, or superseding acts of third parties for which AEGON USA is not responsible. AEGON USA is not responsible and is not the legal or proximate cause of any damages resulting from any acts, representations, or omissions by independent third parties which were not authorized and/or were not performed with actual, implied, or apparent authority.

**Nineteenth Defense**

Some or all of the claims asserted in the Complaint are barred by applicable provisions of the Policy, such that the plaintiff cannot reasonably or justifiably rely on any representations or other documents, if any, which are contradicted by the terms of the Policy at issue. Furthermore, to the extent that the plaintiff's claims are based upon or rely for evidence upon the terms of written instruments or documents not attached to the Complaint, the Policy in question provides the best evidence of its terms and supersedes any contrary allegations in the Complaint.

**Twentieth Defense**

All claims asserted in the Complaint are barred by the parol evidence rule and the legal fact that the Policy embodies the complete agreement between Transamerica Life and the plaintiff.

**Twenty-First Defense**

Some or all of the claims asserted in the Complaint are barred, in whole or in part, or are subject to offset because Transamerica Life conferred benefits upon the plaintiff.

**Twenty-Second Defense**

Some or all of the claims asserted in the Complaint are barred, in whole or in part, because the matters complained of were adequately disclosed to plaintiff and/or plaintiff failed to

read documents which were provided to her which disclosed such matters.

**Twenty-Third Defense**

All claims asserted in the Complaint are barred, in whole or in part, because AEGON USA did not breach any common law, statutory, or contractual duty owed to the plaintiff.

**Twenty-Fourth Defense**

All claims asserted in the Complaint are barred because the plaintiff has not sustained any recoverable damages and, more fundamentally, AEGON USA did not legally cause any of the damages claimed in the Complaint, and the plaintiff has not suffered any injury or damage by reason of any unlawful act or omission by AEGON USA.

**Twenty-Fifth Defense**

All claims for attorney's fees and costs are barred because at all times Transamerica Life has timely submitted benefit payments as required by applicable law.

**Twenty-Sixth Defense**

The Complaint fails to allege and cannot prove an adequate basis for the relief claimed, including without limitation, any claims for common law or statutory damages, punitive damages or attorneys' fees.

**Twenty-Seventh Defense**

Any award of punitive damages to the plaintiff would be in violation of the constitutional rights and safeguards provided to AEGON USA under the Constitution of the United States of America including, without limitation, because there are no limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, the imposition of a punitive damage award would allow a verdict tainted by passion and prejudice, and the plaintiff impermissibly seeks punitive damages which bear no constitutional

relationship to the alleged actual amount in question.

**Twenty-Eighth Defense**

Imposition of punitive damages in this case would violate AEGON USA's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

**Twenty-Ninth Defense**

Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this State providing for a penalty.

**Thirtieth Defense**

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to AEGON USA under the due process clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of the applicable State Constitution, in that punitive damages and any method by which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

**Thirty-First Defense**

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to AEGON USA under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under the applicable State Constitution, in that punitive damages are penal in nature and, consequently, AEGON USA is entitled to the same procedural and substantive safeguards afforded to criminal defendants.

**Thirty-Second Defense**

It would violate the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America and/or the applicable State Constitution to impose punitive

damages against AEGON USA, which are penal in nature, yet compel AEGON USA to disclose potentially incriminating documents and evidence.

**Thirty-Third Defense**

It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the applicable State Constitution to impose punitive damages against AEGON USA which are penal in nature by requiring a burden of proof for the plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

**Thirty-Fourth Defense**

Any award of punitive damages to the plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or the applicable State Constitution, in that said punitive damages would be an imposition of an excessive fine.

**Thirty-Fifth Defense**

The imposition of punitive damages in this case measured by the wealth of AEGON USA would constitute an impermissible punishment of status and would violate U.S. Supreme Court precedent.

**Thirty-Sixth Defense**

It would be unconstitutional to award any punitive damages in this case insofar as an award of punitive damages in this proceeding would render the proceeding essentially and effectively criminal in nature, denying AEGON USA notice of the elements of the offense, and because the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the due process clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of the applicable State Constitution.

**Thirty-Seventh Defense**

The alleged conduct of AEGON USA cannot support an award of punitive damages and any award of punitive damages in this matter would violate the Due Process Clause of the United States Constitution and the corresponding provision of the applicable State Constitution.

**Thirty-Eighth Defense**

The plaintiff's request for class action treatment is inappropriate and is barred by the requirements of Rule 23, Fed. R. Civ. P. The plaintiff cannot satisfy the requirements for class certification under Rule 23 and governing case law, and no class or sub-class can be properly certified in this case. AEGON USA reserves all available defenses under Rule 23 and applicable case law.

**Thirty-Ninth Defense**

The claims pled in the Complaint are precluded or barred with respect to those putative class members whose intent or understanding in entering into or renewing the insurance policy was consistent with Transamerica Life's interpretation of "actual charges." Putative class members who voluntarily renewed their policies or accepted the benefit of continued coverage under their policies with actual or constructive knowledge of Transamerica Life's interpretation of actual charges are barred or precluded from asserting claims pled in the Complaint.

**Fortieth Defense**

The claims of some members of the putative class are barred, in whole or in part, by the doctrines of res judicata, judicial estoppel, collateral estoppel and/or settlement and release.

**Forty-First Defense**

The plaintiff's attempt to plead a class action is barred because the plaintiff is an inadequate class representative and has an irreconcilable conflict of interest with other policyholders and members of the putative class. The relief the plaintiff seeks in this action is

hostile and adverse to the interests of the putative class and would result in increased premium rates to members of the putative class.

**Forty-Second Defense**

Plaintiff's proposed class definitions are improper, overbroad, not ascertainable, and include policyholders and putative class members who have no claims for liability against Transamerica Life and who do not agree with plaintiff's proposed interpretation of the insurance contract.

AEGON USA reserves its right to assert all available defenses and to add any other affirmative defenses as may be revealed by further investigation and discovery in this case.

WHEREFORE, AEGON USA, having fully and completely responded to each and every allegation and claim in the Complaint, prays that the plaintiff take nothing, that this action be dismissed in its entirety, that it recover its attorney's fees and costs for defending this action, and for such other and further relief as the Court deems just and proper.

Dated: December 15, 2009

By: */s/ John K. Baker*
John K. Baker, Ark. Bar No. 97024
**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone: 501-688-8800
Email: jbaker@mwlaw.com

And

Markham R. Leventhal
**JORDEN BURT LLP**
777 Brickell Avenue, Suite 500
Miami, Florida 33131
Telephone: 305-371-2600
Email: ml@jordenusa.com

*Attorneys for AEGON USA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this Answer and Defenses of AEGON USA, Inc. was served electronically upon the following by the Court's ECF system on this 15th day of December, 2009:

Gail O. Matthews
Doralee I. Chandler
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

*/s/ John K. Baker*