**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

ROBERT W. HALL, individually and                                    PLAINTIFF
on behalf of all others similarly situated


v.                                    Case No. 1:09-CV-00057-JLH


EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.                                                      DEFENDANTS

---

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT
OF THEIR MOTION TO DENY CLASS CERTIFICATION
AND ELIMINATE PLAINTIFF'S CLASS ACTION ALLEGATIONS**

---

Markham R. Leventhal                    John K. Baker (ABA #97024)
Farrokh Jhabvala                        MITCHELL, WILLIAMS, SELIG,
JORDEN BURT LLP                            GATES & WOODYARD, P.L.L.C.
777 Brickell Avenue, Suite 500          425 West Capitol Avenue, Suite 1800
Miami, Florida  33131                   Little Rock, Arkansas  72201
Telephone:  (305) 371-2600              Telephone:  (501) 688-8800
Facsimile:  (305) 372-9928              Facsimile:  (501) 918-7850

*Attorneys for Defendants Transamerica
Life Insurance Company and AEGON USA, LLC*

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES .................................................................................................. iii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 4

I.  PLAINTIFF OPTED OUT OF THE *RUNYAN* SETTLEMENT AND LACKS STANDING TO CHALLENGE THE *RUNYAN* SETTLEMENT AND FINAL JUDGMENT .................................................................................................... 4

II. EVEN ASIDE FROM PLAINTIFF'S LACK OF STANDING, PLAINTIFF'S ARGUMENTS ARE ERRONEOUS AND DO NOT AVOID APPLICATION OF FULL FAITH AND CREDIT ............................................................................... 7

   A.  Plaintiff's Suggestion That This Court Can Reverse The *Runyan* Court's Finding Of Subject Matter Jurisdiction Is Erroneous And Prohibited By Supreme Court Precedent ............................................................................ 7

   B.  Plaintiff's Argument That There Was No Case Or Controversy In The *Runyan* Court Is Erroneous And Unsupportable ............................................. 11

      1.  The *Runyan* Court Considered And Rejected Allegations Of Collusion By Competing Class Counsel ................................................. 11

      2.  The Negotiating Parties In *Runyan* Were Under No Obligation To Inform Non-Parties Of Confidential Settlement Negotiations ................ 13

      3.  Pre-Suit Negotiations In *Runyan* Did Not Deprive The Arkansas Court Of Subject Matter Jurisdiction ................................................... 15

   C.  Contrary To Plaintiff's Unsupported Allegation, The *Runyan* Settlement And Final Judgment More Than Satisfy Due Process For Purposes of Full Faith and Credit ................................................................................... 17

III. PLAINTIFF HAS NO RIGHT TO ANY DISCOVERY REGARDING THE *RUNYAN* SETTLEMENT, AND PLAINTIFF'S DISCOVERY REQUEST SHOULD BE DENIED ....................................................................................... 20

CONCLUSION ................................................................................................................ 21

CERTIFICATE OF SERVICE ........................................................................................... 22

# TABLE OF AUTHORITIES

*Page*

## Cases

*Allee v. Medrano,*
    416 U.S. 802 (1974) ................................................................. 4

*Arkansas Louisiana Gas Co. v. Taylor*, 858 S.W. 2d 88 (Ark. 1993) ........................................ 19

*Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,*
    398 U.S. 281 (1970) ................................................................. 2, 10, 12

*Ballard v. Martin,*
    79 S.W.3d 838 (Ark. 2002) ........................................................ 15

*Bowling v. Pfizer, Inc.,*
    143 F.R.D. 141 (S.D. Ohio 1992) ............................................... 13

*Brown v. Sibley,*
    650 F.2d 760 (5th Cir. 1981) ..................................................... 4

*Carter v. West Publishing Co.,*
    225 F.3d 1258 (11th Cir. 2000) .................................................. 4

*Continental Assurance Co. v. Macleod-Stedman, Inc.,*
    694 F. Supp. 449 (N.D. Ill. 1988) .............................................. 14

*DeJulius v. Sumner,*
    282 S.W.3d 753 (Ark. 2008) ...................................................... 15

*Durfee v. Duke,*
    375 U.S. 106 (1963) ................................................................. 7, 8, 10

*East Texas Motor Freight System, Inc. v. Rodriguez,*
    431 U.S. 395 (1977) ................................................................. 4

*Epstein v. MCA, Inc.,*
    179 F.3d 641 (9th Cir. 1999) ..................................................... 17

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,*
    528 U.S. 167 (2000) ................................................................. 4

*Geringer v. City of Omaha,*
    1993 WL 10445 (8th Cir. Jan. 22, 1993) ..................................... 2, 16

# TABLE OF AUTHORITIES
(continued)

*Page*

*Glass v. UBS Financial Services, Inc.*,
　　2007 WL 221862 (N.D. Cal. Jan. 26, 2007) ................................................................. 6

*Hall v. Lhaco, Inc.*,
　　140 F.3d 1190 (8th Cir. 1998) ..................................................................................... 4

*Hansberry v. Lee*,
　　311 U.S. 32 (1940) ....................................................................................................... 17

*In re Integra Realty Resources, Inc.*,
　　262 F.3d 1089 (10th Cir. 2001) ................................................................................... 6

*In re Life Investors Insurance Co. of America*,
　　589 F.3d 319 (6th Cir. 2009) ................................................................................1, 3, 5, 6

*Jenson v. Continental Financial Corp.*,
　　591 F.2d 477 (8th Cir. 1979) ...................................................................................... 1, 5, 6

*Kiowa Tribe of Oklahoma v. Lewis*,
　　777 F.2d 587 (10th Cir. 1985) ................................................................................... 16, 19

*Kremer v. Chemical Construction Corp.*,
　　456 U.S. 461 (1982) ................................................................................................... 16, 19

*Lewis v. Casey*,
　　518 U.S. 343 (1996) ..................................................................................................... 4

*Matsushita Electric Industrial Co. v. Epstein*,
　　516 U.S. 367 (1996) ................................................................................................... 2, 17

*Mayfield v. Barr*,
　　985 F.2d 1090 (D.C. Cir. 1993) .................................................................................. 5, 6

*McClain v. American Economy Insurance Co.*,
　　424 F.3d 728 (8th Cir. 2005) ...................................................................................... 3, 4

*Negrete v. Allianz Life Insurance Co. of North America*,
　　253 F.3d 1091 (9th Cir. 2008) .................................................................................... 14

*Phillips Petroleum Co. v. Shutts*,
　　472 U.S. 797 (1985) ..................................................................................................... 17

**TABLE OF AUTHORITIES**
(continued)

*Page*

*Presidential Life Insurance Co. v. Milken,*
   946 F. Supp. 267 (S.D.N.Y. 1996) ................................................................ 14

*Reppert v. Marvin Lumber & Cedar Co., Inc.,*
   359 F.3d 53 (1st Cir. 2004) ......................................................................... 17

*Rodgers v. U.S. Steel Corp.,*
   536 F.2d 1001 (3d Cir. 1976) ...................................................................... 14

*Rutter & Wilbanks Corp. v. Shell Oil Co.,*
   314 F.3d 1180 (10th Cir. 2002) ................................................................... 14

*S.E.C. v. Randolph,*
   736 F.2d 525 (9th Cir. 1984) ....................................................................... 14

*Semler v. Klang,*
   2008 WL 2080962 (D. Minn. May 8, 2008) ................................................. 12

*Shapiro v. Midwest Rubber Reclaiming Co.,*
   626 F.2d 63 (8th Cir. 1980) ........................................................................... 4

*Steger v. Franco, Inc.,*
   228 F.3d 889 (8th Cir. 2000) ......................................................................... 3

*Transamerican Refining Corp. v. Dravo Corp.,*
   952 F.2d 898 (5th Cir. 1992) ......................................................................... 6

*Underwriters National Assurance Co. v. North Carolina Life & Accident & Health*
   *Insurance Guaranty Association,*
   455 U.S. 691 (1982) ...........................................................................8, 10, 16

*Waller v. Financial Corp. of America,*
   828 F.2d 579 (9th Cir. 1987) ......................................................................... 6

**Other Authorities**

Arkansas Rule of Civil Procedure 23 ................................................... 10, 15

Federal Rule of Civil Procedure 23 ................................................... 6, 7, 15

Manual for Complex Litigation (Fourth) § 21.61 ..................................... 13

Defendants Transamerica Life Insurance Company ("Transamerica") and AEGON USA, LLC submit this reply memorandum in further support of their Motion to Deny Class Certification and Eliminate Plaintiff's Class Action Allegations (D.E. 24) (the "Motion"). Because plaintiff's Response[1] fails to demonstrate any legitimate grounds for suspending the Full Faith and Credit Act, the Court should grant the Motion and enter an Order eliminating plaintiff's class action allegations from this case.

## INTRODUCTION

As a threshold matter, plaintiff ignores the undisputed fact that he opted out of the Class Action Settlement ("Settlement") in the *Runyan* action. Thus, as a matter of law, plaintiff lacks standing to challenge the Settlement. *See, e.g., Jenson v. Continental Fin. Corp.*, 591 F.2d 477, 482 n.7 (8th Cir. 1979) (persons opting out of a class settlement are not members of the class and have no rights or interests that can be affected by the class settlement); *In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 331 (6th Cir. 2009) (holding that "it is impossible for the *Runyan* settlement to affect [the] rights or claims" of a person who opted out of the settlement). The Response does not dispute – or even refer to the fact – that plaintiff opted out of the *Runyan* Settlement. Plaintiff's lack of standing renders him legally incapable of challenging the Final Judgment, and for that reason alone Transamerica's Motion should be granted.

Setting aside plaintiff's lack of standing, the Response raises arguments that were previously presented to and rejected by the *Runyan* Court. The Response argues that the *Runyan* Settlement and Final Judgment should not be given full faith and credit because the *Runyan* Court allegedly did not have subject-matter jurisdiction and, plaintiff speculates, the parties to

---

[1] Plaintiff's "Response in Opposition to Defendants' Motion to Deny Class Certification and Plaintiff's Cross-Motion for Discovery and Supporting Memorandum of Law" (D.E. 35) (the "Response," cited as "Pl's Resp.").

that case allegedly acted in collusion.   Incredibly, plaintiff contends that the *Runyan* litigation was not contested in good faith, even though the parties in *Runyan* had been litigating for the better part of two years, class counsel in *Runyan* had six cases pending (including four class actions) when the negotiations commenced; and the *Runyan* Settlement was finally approved only after the Arkansas Circuit Court conducted months of proceedings and reviewed thousands of pages of contested filings and arguments for several objectors, including plaintiff's own counsel here.   The *Runyan* court considered and rejected challenges to the fairness and reasonableness of the Settlement, and expressly concluded that it had subject-matter jurisdiction, that the parties had negotiated the *Runyan* Settlement in good faith, and that there was no evidence of collusion.[2]

Dissatisfied with the Arkansas state court's rulings, plaintiff's counsel now raises many of the exact same arguments in this Court, in an impermissible collateral attack on the *Runyan* Final Judgment.   But, as the Supreme Court has cautioned, federal district courts do not sit in direct review of state court judgments.   *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970).   Instead, this Court is required to afford full faith and credit to the *Runyan* Final Judgment.   *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 374 (1996) ("a judgment entered in a class action, like any other judgment entered in a state judicial proceeding, is presumptively entitled to full faith and credit under the express terms of the [Full Faith and Credit] Act"); *Geringer v. City of Omaha*, 1993 WL 10445, *1 (8th Cir. Jan. 22, 1993)

---

[2] Plaintiff erroneously contends on the first page of his Response that "this action is one of at least 17 parallel class actions which have been filed against Defendant."   Pl.'s Resp. at 1. Plaintiff lists 15 cases in a footnote (Pl's Resp. at 3 n.1), seven of which were individual actions, not class actions.   In addition, *twelve* of these cases have been settled.   Plaintiff fails to explain the relevance of his list of cases.   In any event, Class counsel in *Runyan* had more cases pending than any other plaintiff's group.

("A federal court must give a state court judgment the same preclusive effect it would be given under the law of the rendering state").

Plaintiff's Response also requests this Court to "extend its inquiry and ask whether Plaintiff was afforded due process of law by the Arkansas court," Pl's Resp. at 10, even though it is undisputed that plaintiff was given notice of the *Runyan* Settlement *and he opted out*.  *See* Motion at 10-11 & n.20; D.E. 24-4.  Plaintiff has no standing and no legitimate basis to contend he was not provided adequate due process by the *Runyan* court.  *In re Life Investors*, 589 F.3d at 31 (plaintiff who opted-out of *Runyan* Settlement could not establish his rights were affected by the Settlement).

Plaintiff's suggestion that Transamerica has "obscure[d] the actual sequence of events occurring in *Runyan*" (Pl's Resp. at 11) is similarly unsupportable.  The sequence of events was plainly and unequivocally stated in Transamerica's Motion.  The Settlement Agreement was filed with the *Runyan* court and became a matter of public record on April 20, 2009; the *Runyan* court granted preliminary approval to the Settlement on April 23, 2009, and ordered that Notice be sent to the Settlement Class within 21 days.   The parties complied with the Runyan court's Preliminary Approval Order and mailed Notice to the Settlement Class on May 14, 2009.  Notice of the Settlement was also promptly filed in all competing class actions within days.   All Settlement Class members were given the opportunity to object to the Settlement or to opt out. *Seven months* of proceedings in the *Runyan* court followed, culminating in the Final Judgment entered on December 21, 2009.  Plaintiff's suggestion that he (or anyone else) was prejudiced by "delayed disclosure" of the Settlement is absurd, and his attempt to avoid full faith and credit on such grounds is unsupported by any legal authority.

In sum, plaintiff has failed to establish any legitimate defense to application of the Full Faith and Credit Act, and his attempt to relitigate the reasonableness of the Settlement and other

findings by the *Runyan* court is prohibited by Supreme Court precedent. As a matter of law, the plaintiff is prohibited from relitigating the claims of *Runyan* Settlement Class members who have settled and resolved their claims. This Court should grant the Motion and eliminate all class allegations from this action.[3]

## ARGUMENT

### I. PLAINTIFF OPTED OUT OF THE *RUNYAN* SETTLEMENT AND LACKS STANDING TO CHALLENGE THE *RUNYAN* SETTLEMENT AND FINAL JUDGMENT

"Whether a plaintiff has standing to sue 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" *McClain v. Am. Economy Ins. Co.*, 424 F.3d 728, 731 (8th Cir. 2005) (quoting *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000)). The standing requirement "arises from Article III, § 2, of the United States Constitution, which limits the subject matter jurisdiction of federal courts to actual cases and controversies." *Id*. "[T]o satisfy Article III's standing requirement, a plaintiff must show (1) it has suffered an 'injury-in-fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

The standing requirement applies in class actions, and to be a class representative, a plaintiff must have standing. *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. 1981). This "constitutional threshold" must be met before any consideration of the requirements of Rule 23. *Id*.; *Carter v. West Publ'g Co.*, 225 F.3d 1258, 1262 (11th Cir. 2000). To have standing to

---

[3] Because he opted out of the Settlement, the plaintiff is free to pursue his individual claims in this action.

represent a class, a plaintiff "must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (citation omitted); *Shapiro v. Midwest Rubber Reclaiming Co.*, 626 F.2d 63, 71 (8th Cir. 1980).   The standing requirement is not met by alleging that injury has been suffered by other, unidentified members of the class.   Thus,

> a named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which he does not share.   Standing cannot be acquired through the back door of a class action.

*Allee v. Medrano*, 416 U.S. 802, 828-29 (1974) (Burger, C.J., concurring); *see also Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs . . . 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'") (citation omitted); *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1196 (8th Cir. 1998) (where named plaintiff lacks standing to pursue a claim, it is immaterial whether any member of the potential class would have standing to pursue the claim).

Here, plaintiff attempts to collaterally attack the "fairness" of the *Runyan* Settlement and Final Judgment even though it is undisputed that he opted out of the Settlement.   *See* Motion at 10-11 & n.20; D.E. 24-4.  Plaintiff claims in the Response that the *Runyan* Settlement is "unfair, unreasonable and inadequate" and that "[w]hat is before this Court is the underlying validity of the 'final judgment' in *Runyan*."  Pl's Resp. at 2.  Plaintiff contends that the *Runyan* Settlement was "collusive" because it was negotiated without providing plaintiffs' counsel in *other* cases

advance notice,[4] or because a different federal district court in *Harris v. Transamerica Life Insurance Company*, No. 09-cv-00013 (M.D. La.) was not notified of the Settlement quickly enough.  Plaintiff also contends that the *Runyan* Final Judgment is "invalid" because the *Runyan* Court lacked subject-matter jurisdiction, plaintiff was not afforded due process, and *Runyan* was not contested in "good faith."  Pl's Resp. at 2-16.  Plaintiff's arguments are baseless.  Moreover, because he opted out of the *Runyan* Settlement, he has no injury from the Settlement or the Final Judgment and no standing to object to the Settlement.

It is well established that a person who has opted out of a class action settlement lacks standing to object to the settlement.  *In re Life Investors*, 589 F.3d at 331; *Jenson*, 591 F.2d at 482 n.7 (persons opting out of a class settlement are not members of the class and have no rights or interests that can be affected by the class settlement); *Mayfield v. Barr*, 985 F.2d 1090, 1092 (D.C. Cir. 1993) (holding "[t]hose who are not class members, because they . . . have opted out" lack standing to object to class settlement); *Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, *8 (N.D. Cal. Jan. 26, 2007) (person who has opted out of a class settlement "is no longer a class member, [and] he has no standing to object" to the settlement); Fed. R. Civ. P. 23(e)(5) ("Any *class member* may object" to a proposed settlement) (emphasis added).

In *In re Life Investors*, where the plaintiff had opted out of the *Runyan* Settlement but attempted to enjoin the *Runyan* Settlement, the Sixth Circuit explained:

> [T]he *Runyan* class action is an opt-out class action and, indeed, [the plaintiff] has opted out of the settlement.  Thus, it is *impossible for the Runyan settlement to affect [plaintiff's] rights or claims.*

---

[4] To the extent plaintiff is attempting to argue that <u>his</u> counsel should have been notified in advance of the negotiations that led to the *Runyan* Settlement, plaintiff ignores that this case was not filed until November 3, 2009, more than six months after the *Runyan* settlement was preliminarily approved and only six days before the *Runyan* Court held its final Fairness Hearing.  This case was specifically filed to duplicate the *Runyan* proceedings.

589 F.3d at 331 (emphasis added). Likewise, in *In re Integra Realty Resources, Inc.*, 262 F.3d 1089 (10th Cir. 2001), the court concluded that parties who had opted out of a class settlement had no standing to challenge the settlement because "non-settling [parties] generally have no standing to complain about a settlement, since they are not members of the settling class." *Id*. at 1102 (citing *Transamerican Refining Corp. v. Dravo Corp.,* 952 F.2d 898, 900 (5th Cir. 1992)). *See also Jenson*, 591 F.2d at 482 n.7; *Mayfield*, 985 F.2d at 1092; *Glass*, 2007 WL 221862, at *8. Not only does this rule ensure compliance with constitutional requirements, it also "advances the policy of encouraging the voluntary settlement of lawsuits," *In re Integra Realty Resources*, 262 F.3d at 1102 (citing *Waller v. Fin. Corp. of Am.,* 828 F.2d 579, 583 (9th Cir. 1987)), and prevents opt-outs, such as the plaintiff here, from creating needless litigation by challenging settlements to which they are not a party.

In sum, because the plaintiff opted out of the *Runyan* Settlement, neither the Settlement nor the Final Judgment affects his individual rights and claims, and plaintiff lacks standing to collaterally attack the *Runyan* Settlement and Final Judgment. Accordingly, plaintiff's purported objections to the Full Faith and Credit Act are legally impermissible, and Transamerica's Motion should be granted.

## II.   EVEN ASIDE FROM PLAINTIFF'S LACK OF STANDING, PLAINTIFF'S ARGUMENTS ARE ERRONEOUS AND DO NOT AVOID APPLICATION OF FULL FAITH AND CREDIT

### A.   Plaintiff's Suggestion That This Court Can Reverse The *Runyan* Court's Finding Of Subject Matter Jurisdiction Is Erroneous And Prohibited By Supreme Court Precedent

Plaintiff's Response attempts to avoid application of full faith and credit by arguing that "under Arkansas law, the state court in *Runyan* did not possess subject-matter jurisdiction over the underlying suit, as there was no 'justiciable controversy' before it." Pl's Resp. at 5-6. Plaintiff argues that the "actions of both class and defense counsel demonstrate that there was

neither a controversy nor an adversarial relationship between the parties." *Id*. at 6.[5]  As discussed below, plaintiff's unprecedented theory is unsupported by any case law and is incompatible with Rule 23 and well-established class action procedure.  In addition, plaintiff's theory fails because the *Runyan* Court's subject-matter jurisdiction has already been litigated, considered, and determined by the *Runyan* Court.  Plaintiff's attempt to overturn the *Runyan* Court's express finding of jurisdiction violates U.S. Supreme Court precedent.

In *Durfee v. Duke*, 375 U.S. 106 (1963), the U.S. Supreme Court directly addressed the extent to which "the jurisdiction of the court by which judgment is rendered in any State may be questioned in a collateral proceeding in another State." *Id*. at 110.  The Court stated:

> while it is established that a court in one State, when asked to give effect to the judgment of a court in another State, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, *the modern decisions of this Court have carefully delineated the permissible scope of such an inquiry.*

*Id*. at 111 (emphasis added).  The  Court then explained that a state court's judgment "is entitled to full faith and credit – even as to questions of jurisdiction – when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Id*.  Pursuant to "[t]his doctrine of jurisdictional finality" (*id*. at 113), this Court may inquire into the *Runyan* Court's subject matter jurisdiction, but when that inquiry discloses that the *Runyan* Court fully and fairly considered the question of subject

---

[5] Plaintiff's statement makes no sense.  Class and defense counsel in *Runyan* were adversaries in six federal actions prior to the *Runyan* action being filed on March 13, 2009.  The Class Action Settlement Agreement was not finalized and executed until over 30 days later. *See* Leventhal Decl. (D.E. 24-6) ¶¶ 8-9 (Settlement Agreement was completed and executed on or about April 17, 2009 and filed with the *Runyan* Court on April 20, 2009).  The Settlement Agreement expressly states that it is "subject to Court approval."  Settlement Agreement at p. 2 (D.E. 24-10, at p. 9 of 109).

matter jurisdiction and finally determined the matter, "further inquiry [is] precluded." *Id.* at 116.[6]

In this case, there is no question that the issue of subject-matter jurisdiction was "fully considered and finally determined" by the *Runyan* Court. *See Underwriters*, 455 U.S. at 707. Several objectors and other Settlement Class members, including plaintiff's counsel in this case, contested subject matter jurisdiction before the *Runyan* Court. For example, at a September 16, 2009 hearing, counsel for William Shepherd argued to the *Runyan* Court: "[B]efore you even waste any time looking at any of this, you should convince yourself that there is jurisdiction . . . ." Sept. 16, 2009 Hearing Tr., at 32 (copy attached hereto as Exhibit 1); *see also id.* at 36 (where Shepherd's counsel erroneously argued the *Runyan* case was "under exclusive jurisdiction of [the federal] courts"); *id.* at 36-37 (arguing that "it would be improper for [the *Runyan*] Court to consider this case any further" in light of exclusive jurisdiction of the federal courts); *id.* at 38 (stating "we believe that there are jurisdictional issues" here); Objection of Joanne Gibson, at 6-7 (copy attached hereto as Exhibit 2) (contesting jurisdiction and venue); Objection of Howard Barnhill, at 6-7 (copy attached hereto as Exhibit 3) (same); Objection of Jackie Queen, at 6-7 (copy attached hereto as Exhibit 4) (same); Memorandum in Support of William Shepherd's Motion to Reconsider, at 11 (copy with Shepherd's redactions attached

---

[6] *See also Underwriters Nat'l Assurance Co. v. N.C. Life & Acc. & Health Ins. Guar. Ass'n*, 455 U.S. 691, 706-07 (1982) ("The North Carolina courts, therefore, should have determined in the first instance whether the Rehabilitation Court fully and fairly considered the question of subject matter jurisdiction over the North Carolina deposit . . . . *If the matter was fully considered and finally determined* in the rehabilitation proceedings, the judgment was entitled to full faith and credit in the North Carolina courts.") (emphasis added); *Durfee*, 375 U.S. at 116 ("we hold in this case that the federal court in Missouri had the power and, upon proper averments, the duty to inquire into the jurisdiction of the Nebraska courts to render the decree. . . . We further hold that when that inquiry disclosed, as it did, that the jurisdictional issues had been fully and fairly litigated by the parties and finally determined in the Nebraska courts, the federal court in Missouri was correct in ruling that further inquiry was precluded.").

hereto as Exhibit 5) (arguing that the *Runyan* court lacks jurisdiction). Indeed, plaintiff's counsel in this case themselves raised jurisdictional objections in the *Runyan* proceeding while representing Daniel Crager, an objector to the *Runyan* Settlement. *See* Crager's First Amended Complaint in Intervention, ¶¶ 34-36 (copy attached hereto as Exhibit 6) (arguing the preclusive effect of a prior federal court "ruling" regarding the meaning of "actual charges"); Supplemental Consolidated Preliminary Objections to Proposed Class Action Settlement by James and Loretta Carroll, Daniel Crager, and William and Kathleen McWhorter, at 3 (copy attached hereto as Exhibit 7) (contending that jurisdiction lay exclusively in the United States District Court in *Pipes v. Life Investors Insurance Company of America*, No. 1:07-cv-00035-SWW (E.D. Ark.)).[7]

The *Runyan* Court considered and rejected the various challenges and objections to its jurisdiction and properly determined that it had subject-matter jurisdiction. Final Judgment ¶ 15 ("The Court has subject matter jurisdiction over this Action and to approve the Settlement, and has personal jurisdiction over the parties to the Settlement Agreement and the Class members."). The *Runyan* Court is a court of general jurisdiction, and it made clear from its Preliminary Approval Order entered April 23, 2009, that it was assuming jurisdiction over the Class Action Settlement pursuant to Ark. R. Civ. P. 23. Because the issue of subject matter jurisdiction was fully and fairly considered and finally decided by the *Runyan* Court, plaintiff's request that this Court in effect reverse the *Runyan* Court's jurisdictional finding is prohibited by the Supreme

---

[7] Just two days after the plaintiff filed his Complaint in this case, his counsel also filed a Motion to Intervene before Judge Susan Webber Wright in the *Pipes* action (*see Pipes* D.E. 147), an Emergency Motion for Injunctive Relief (*Pipes* D.E. 148), and a Motion for Expedited Hearing (*Pipes* D.E. 149) on behalf of *Runyan* Settlement objector Daniel Crager. Plaintiff's counsel argued in *Pipes* that the proposed *Runyan* Settlement was "collusive," that it "sells out class members in exchange for negligible relief," and that an injunction was necessary or the federal district court's jurisdiction in *Pipes* "will be seriously violated." *Pipes* D.E. 148, at 9. Judge Wright rejected these arguments and denied each of the motions. *See* Order (*Pipes* D.E. 152); *see also* Text Order denying motion to expedite (*Pipes* D.E. 150).

Court's decisions in *Durfee* and *Underwriters*.  *See also Atlantic Coast Line*, 398 U.S. at 296 ("lower federal courts possess no power whatever to sit in direct review of state court decisions").  The *Runyan* Final Judgment is entitled to full faith and credit.  *Underwriters*, 455 U.S. at 707.

**B.    Plaintiff's Argument That There Was No Case Or Controversy In The *Runyan* Court Is Erroneous And Unsupportable**

Plaintiff cites not a single analogous case from Arkansas or any other jurisdiction supporting his novel theory that pre-filing settlement negotiations deprived the *Runyan* Court of subject-matter jurisdiction.  Plaintiff's theory directly contradicts the *Runyan* court's own Findings and well-established class action procedure and case authority.

**1.    The *Runyan* Court Considered And Rejected Allegations Of Collusion By Competing Class Counsel**

Contrary to plaintiff's conclusory assertions of "collusion," the *Runyan* court found, after months of contested proceedings, that the Settlement was the product of adversarial negotiations between experienced counsel who had been engaged in extensive litigation dating back to 2007.  The *Runyan* Court found that the parties to the Settlement had engaged in "a year and a half of contentious litigation" in six different cases, including "adversarial and, at times contentious" discovery.  Findings (D.E. 24-3) at 8-9, 13.  They "engaged in a two-day mediation before former United States District Court Judge Nicholas H. Politan," who has "extensive experience mediating class action settlements."  *Id*. at 13.  The mediation, however, did not result in an immediate settlement, and the negotiating parties continued to litigate against each other.  *Id*. at 13-14.  They also continued to negotiate and it was only "[a]fter months of additional arm's-length negotiations, [that] the Parties reached a preliminary understanding on the major terms of a class action settlement, subject to completion and execution of a comprehensive class action settlement agreement."  *Id*. at 14.

The parties' adversarial relationship did not simply disappear because the parties reached a preliminary understanding on the terms of a global class action settlement, which had yet to be completed, and could not be completed without court approval.The *Runyan* action was filed on March 13, 2009, and Transamerica answered the complaint on April 3, 2009.   The *Runyan* Settlement Agreement was finalized on or about April 17, 2009 and was promptly filed with the Court on April 20, 2009.   *Id*.   The *Runyan* Court expressly found that "the Parties [were] represented by experienced class action counsel who worked diligently negotiating the Settlement at arms' length in an adversarial setting to ensure that the Settlement Agreement was fair, reasonable, and adequate."   *Id*.   Contrary to plaintiff's baseless allegations that the *Runyan* parties lacked good faith (Pl's Resp. at 7, 9, 11 n.2, & 14-16) and engaged in "attorney shopping" (*id*. at 15), the *Runyan* Court found "the Settlement was negotiated in good faith and there was ***no collusion or 'reverse auction' of any kind*** in the negotiation of the Settlement." *Id*. at 14-15 (emphasis added).

Plaintiff's Response ignores these findings and attempts to avoid full faith and credit based on spurious accusations that Class Counsel in *Runyan* were not protecting the interests of the Settlement Class, or that class and defense counsel "colluded" and did not have an adversarial relationship.   Pl's Resp. at 6.   Plaintiff essentially asks this Court to undertake an appellate review of the state court's findings.   This is impermissible.   *See Atlantic Coast Line*, 398 U.S. at 296 ("lower federal courts possess no power whatever to sit in direct review of state court decisions"); *Semler v. Klang*, 2008 WL 2080962, at *3 n.3 (D. Minn. May 8, 2008) ("Federal Courts cannot exercise appellate review over State Court Judgments.   To the contrary,

Federal Courts are bound to give 'Full Faith and Credit' to State Court Judgments.").[8]  Plaintiff's allegation of collusion has no basis in fact or law.

### 2.  The Negotiating Parties In *Runyan* Were Under No Obligation To Inform Non-Parties Of Confidential Settlement Negotiations

As a purported defense to full faith and credit, plaintiff contends that counsel in other pending cases should have been apprised of the *Runyan* settlement negotiations earlier, while they were being conducted.  Pl's Resp. at 3-4, 14-16.  Plaintiff cites no authority for the proposition that a final judgment may be denied full faith and credit on such grounds.  It is undisputed that the Settlement Agreement was preliminarily approved by the *Runyan* Court on April 23, 2009, and 21 days later, on May 14, 2009, written Notice of the Settlement was mailed to the Settlement Class members, including plaintiff.  Plaintiff does not explain how he was prejudiced because his counsel was not notified earlier.  Indeed, his argument is nonsensical given that he did not even have a lawsuit pending at the time.  Moreover, "[n]o requirement exists that either Class Counsel or the Defendants must inform other attorneys . . . about their negotiations.  To rule otherwise would thwart the well-established policy of promoting the settlement of lawsuits."  *Bowling v. Pfizer, Inc.*, 143 F.R.D. 141, 156 (S.D. Ohio 1992).

---

[8] Plaintiff attempts manufacture a collusion argument based on a Joint Status Report filed in on April 23, 2009 in an individual case in Louisiana encaptioned *Harris v. Transamerica Life Insurance Company*, No. 09 cv 00013 (M.D. La.).  Plaintiff gives no clue as to how he was prejudiced by this status report in a case to which he was not a party.  Moreover, plaintiff's argument is rendered irrelevant by the undisputed fact that the parties in *Harris* filed on May 14, 2009 a Joint Motion to Stay Pending Final Approval of Settlement ("Joint Motion") (copy attached hereto as Exhibit 8), expressly advising the *Harris* court that "[t]he Parties have reached a class action settlement agreement . . . ***in a related matter*** entitled *Runyan, et al. v. Transamerica Life Insurance Company, et al.* (Case No. CV-09-2066-3), pending in the Circuit Court of Pulaski County, Arkansas, Third Division," and that an Order Granting Preliminary Approval to Class Action Settlement and Directing Notice to Settlement Class was entered by the *Runyan* Court on April 23, 2009.  *See* Ex. 8 at 1-2 (*Harris* D.E. 21) (emphasis added).  The *Harris* Court stayed that case pending completion of the *Runyan* Settlement (*Harris* D.E. 22), which was not finally approved until months later on December 21, 2009. The record in *Harris* reflects no collusion.

Transamerica was under no obligation to invite competing class action plaintiffs' counsel in multiple cases to join in a mediation and settlement discussions with *Runyan* Class Counsel.[9]

Also baseless is plaintiff's suggestion that the *Runyan* Settlement was a "negative auction."  Response at 17.[10]  The record is clear that Transamerica negotiated with one set of class counsel who were litigating the largest number of cases including the most advanced class action.  Any suggestion that Transamerica sought a "reverse auction" by negotiating with more than one group of lawyers is frivolous.  *See Negrete v. Allianz Life Ins. Co. of North America*, 253 F.3d 1091, 1099-1100 (9th Cir. 2008) (rejecting the "reverse auction" argument and explaining that the "reverse auction argument would lead to the conclusion that no settlement could ever occur in the circumstances of parallel or multiple class actions – none of the competing cases could settle without being accused by another of participating in a collusive

---

[9] Plaintiff cites to the *Manual for Complex Litigation* and two cases to support his contention that plaintiffs' lawyers in *other* cases should have been invited to participate in the *Runyan* settlement negotiations. Pl's Resp. at 14-15. First, plaintiffs' authorities are entirely irrelevant because they do not relate to full faith and credit. The *Runyan* Court spent months considering challenges to the Settlement and ruled that the Settlement was fair, reasonable, adequate, and in the best interests of the Settlement Class. Plaintiff's suggestion that involvement of other plaintiffs' counsel might have resulted in a better settlement does not create an exception to the Full Faith and Credit Act. Second, plaintiff's authorities are inapposite because they deal with MDL proceedings, and there was no MDL proceeding here. *See* Pl's Resp. at 15 (citing *In re General Motors Engine Interchange Lit.*, 594 F.2d 1106 (7th Cir. 1979) (involving one MDL participant's failure to secure leave of court prior to negotiating class settlement); *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3d Cir. 1971) (involving one MDL participant's negotiation of a class settlement "prior to his official designation by the court as class representative").

[10] A "reverse auction" involves a situation where a defendant "selects among attorneys for competing classes and negotiates an agreement with the attorneys who are willing to accept the lowest class recovery." *Manual for Complex Litigation (Fourth)* § 21.61.  In this case, the record is clear that Life Investors negotiated with one group of plaintiffs counsel, and there was no "auctioning" whatsoever.  As noted above, the *Runyan* Court expressly found that there was no "reverse auction."

reverse auction.") (quoting *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1189 (10th Cir. 2002)).

### 3. Pre-Suit Negotiations In *Runyan* Did Not Deprive The Arkansas Court Of Subject Matter Jurisdiction

To the extent plaintiff contends that pre-suit negotiations deprived the *Runyan* court of subject matter jurisdiction, this contention is unsupportable and has been rejected by numerous courts. *See Rodgers v. U.S. Steel Corp.*, 536 F.2d 1001, 1003 (3d Cir. 1976) (noting that the district court approved, and the Fifth Circuit affirmed, two consent decrees where, "[s]imultaneous with the filing of the complaint, the parties filed with the court for its approval a nationwide settlement" and where such filing "followed more than six months of negotiations"); *S.E.C. v. Randolph*, 736 F.2d 525, 528 (9th Cir. 1984) (concluding that "the lower court erred in holding that no controversy existed because the parties arrived in court with the proposed judgment in hand," and recognizing that judicial approval was necessary to make the consent decree binding on the parties); *Presidential Life Ins. Co. v. Milken*, 946 F. Supp. 267, 279 (S.D.N.Y. 1996) (finding that the attempted intervenors' "use of the pejorative term 'collusive' to describe the negotiation and settlement of the claims in this matter is a mischaracterization of what courts have deemed to be appropriate – the simultaneous filing and settlement of a class action"); *Continental Assurance Co. v. Macleod-Stedman, Inc.*, 694 F. Supp. 449, 464 (N.D. Ill. 1988) (finding case or controversy requirement was met irrespective of consent to settlement before amended complaint was filed).[11]

---

[11] The same holds true for class action settlements under Arkansas's Rule 23. *See, e.g.*, *DeJulius v. Sumner*, 282 S.W.3d 753, 754-55 (Ark. 2008) (conditionally certifying class for settlement purposes only and preliminarily approving settlement where parties negotiated a settlement "before the class was certified and before notice of the action was sent out to proposed class members"); *Ballard v. Martin*, 79 S.W.3d 838, 849-50 (Ark. 2002) (rejecting claims of

*(footnote continued on next page)*

The Arkansas Rules of Civil Procedure, like the federal rules, require court approval of any class action settlement and include stringent requirements regarding notice, fairness, reasonableness, and adequacy.[12]  The *Runyan* Settlement was contingent upon notice to the class, resolution of any objections, and final approval by the court.  The fact that the parties arrived at a preliminary understanding regarding possible settlement does not in any way affect the Arkansas Court's jurisdiction to evaluate the settlement under Rule 23 and to order that notice be sent to the putative class.  Indeed, Rule 23 expressly contemplates that the parties will first reach a proposed settlement and then submit it to the Court for subsequent proceedings to determine the fairness, reasonableness and adequacy of the Settlement.  Plaintiff's argument that the court somehow loses jurisdiction when the parties agree on a proposed settlement is legally without merit.[13]

---

collusion that were based on timing of settlement negotiations).  Plaintiff's arguments are irreconcilable with Arkansas law and well established class action procedure.

[12] Ark. R. Civ. P. 23(e) ("The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class . . . .  The court may approve any such resolution that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.").

[13] Plaintiff's Response also seeks to impugn Transamerica and its counsel by referencing an entirely irrelevant order in *Belue v. AEGON, USA, Inc.*, C/A No. 7:08-cv-3830-GRA (D.S.C. Feb. 23, 2010), in which Judge G. Ross Anderson revoked the *pro hac vice* admissions of three attorneys.  Pl's Resp. at 16-17.  Plaintiff fails to mention that the *Belue* court rejected collateral attacks on the *Runyan* Settlement, and denied a motion to enjoin the *Runyan* Settlement, finding the allegations insufficient "to support a finding of collusion" as plaintiffs had alleged in that case.  *Belue* D.E. 124, at 10-11.  Moreover, the district judge in *Belue* made highly disparaging comments regarding the Arkansas state court and Judge Susan Webber Wright, who had denied class certification in a related case.  *Belue* D.E. 72-2.  The defendants moved to recuse Judge Anderson, who, in retaliation for the recusal motion, revoked the *pro hac vice* status of all the out-of-state lawyers in the case.  The order cited by plaintiffs is factually erroneous and irrelevant to these proceedings.

**C.    Contrary To Plaintiff's Unsupported Allegation, The *Runyan* Settlement And Final Judgment More Than Satisfy Due Process For Purposes of Full Faith and Credit**

Full Faith and Credit is a "constitutional mandate" which the Supreme Court has described as "central to our system of jurisprudence." *Underwriters*, 455 U.S. at 703-04. In *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481 (1982), the Supreme Court instructed that, under the Full Faith and Credit Act, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *See also Geringer*, 1993 WL 10445, at *1 ("State court proceedings need do no more than satisfy the minimum procedural due process requirements of the Fourteenth Amendment in order to qualify for full faith and credit."); *Kiowa Tribe of Okla. v. Lewis*, 777 F.2d 587, 591 (10th Cir. 1985) ("we may only examine whether the state proceedings satisfied 'the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause'") (citing *Kremer*, 456 U.S. at 481). Plaintiff suggests that this Court should not afford the *Runyan* judgment Full Faith and Credit because "this Court must extend its inquiry and ask whether Plaintiff was afforded due process of law by the Arkansas court." Pl's Resp. at 10. Plaintiff also contends that "[i]t is hard to imagine that class counsel in *Runyan* could 'adequately represent' the interests of absent class members . . . ." *Id.* at 10-11. Even if plaintiff had standing to raise these issues, which he does not, his contentions are directly contradicted by the *Runyan* Court's Findings and the procedural record in that case.

As the Ninth Circuit held on remand in the *Matsushita* case, "there has been a failure of due process only in those cases where it cannot be said that *the procedure adopted*, fairly insures the protection of the interests of absent parties who are to be bound by it." *Epstein v. MCA, Inc.*, 179 F.3d 641, 648 (9th Cir. 1999) (emphasis in original) (quoting *Hansberry v. Lee*, 311 U.S. 32,

42 (1940)).[14]  With respect to a state court class action settlement, due process requires notice, an

opportunity to object or opt out, and adequate representation.  *Matsushita Elec. Indus. Co. v.*

*Epstein*, 516 U.S. 367, 379 (1996) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812

(1985)).  The Court may satisfy itself that these requirements are met by reviewing the state

court's Findings and Final Judgment:

> The Court [in *Matsushita*] did, of course, address the additional due
> process requirements for binding absent class members, stating, by way of
> example, that "due process for class action plaintiffs requires 'notice plus
> an opportunity to be heard and participate in the litigation,'" and "'that the
> named plaintiff at all times adequately represent the interests of the absent
> class members.'"  The Court, however satisfied itself that these require-
> ments had been met *by referencing the Delaware courts' findings on these*
> *matters*, rather than by independently determining whether the
> requirements were met.

*Epstein*, 179 F.3d at 649 (emphasis in original) (citations omitted) (quoting *Matsushita*, 516 U.S.

at 378-79 and *Shutts*, 472 U.S. at 812)); *see also id.* at 648 ("[N]owhere in *Shutts* did the Court

state or imply that where the certifying court makes a determination of the adequacy of

representation in accord with *Shutts*, this determination is subject to collateral review.  *Shutts* in

fact implies that such review is unwarranted by emphasizing that the certifying court is charged

with protecting the interests of the absent class members.").[15]

Here, the *Runyan* Court approved a comprehensive Notice Plan, including personal

Notice to over 250,000 Settlement Class members, Publication Notice in *USA Today*, a

Settlement website, and a 24-hour toll-free telephone call center.  *See* Findings at 19-21.  All

---

[14] Indeed, the fact that plaintiff received notice and was able to opt out of the Settlement belies any suggestion that he was denied procedural due process.

[15] *See also Reppert v. Marvin Lumber & Cedar Co., Inc.*, 359 F.3d 53, 57 & n.3 (1st Cir. 2004) (Minnesota state court found that class action notice procedures satisfied state class action rule and comported with due process:  "Given that such findings and judgment are entitled to full faith and credit, it is doubtful that their validity is subject to collateral challenge in a proceeding in the federal courts.") (citations omitted).

Settlement Class members were afforded an opportunity to object and to opt out of the Settlement.  *Id.*  *It is undisputed that the plaintiff received notice and opted out*, irrebuttably establishing that plaintiff was afforded due process.  The *Runyan* Court specifically found that "the Notice Plan meets and exceeds all of the requirements of Rule 23 and due process." Findings at 21 ¶ 7.[16]   The Settlement received overwhelming support from policyholders. Findings at 36-37, 44-45.   Adequacy was contested by several objectors and proposed intervenors,[17] and the *Runyan* Court carefully reviewed and affirmed the adequacy of the eight class representatives and their counsel.  Findings at 40-41.  The *Runyan* Court's Findings are supported by the record and unquestionably "satisfy the minimum procedural requirements" of Due Process and therefore "qualify for the full faith and credit guaranteed by federal law." *Kremer*, 456 U.S. at 481; *Kiowa Tribe*, 777 F.2d at 591.[18]

---

[16] Several Settlement Class members who, unlike the plaintiff here remained in the Settlement and objected, raised due process concerns which were ultimately rejected by the *Runyan* Court.  *See, e.g.*, Ex. 1 at 38; Ex. 5 at 1, 4; Oct. 1, 2009 Hearing Tr., copy attached hereto as Exhibit 9, at 29, 50; Supp. Materials in Support of Miss. Obj., copy attached hereto as Exhibit 10.

[17] *See, e.g.*, Ex. 1, at 4-8, 45 (Shepherd's counsel); Ex. 9 at 6, 12-15, 18-21, 24-28 (Hunter's counsel); Nov. 9, 2009 Hearing Tr., copy attached hereto as Exhibit 11, at 15-16 (counsel for Queen, Barnhill, Gibson, Hege, and Logan) & 81, 91, 97-101, 104-06 (Crocker's counsel); *see also* Mot. for Leave to Intervene and Br. in Support, copy attached hereto as Exhibit 12, Mot. ¶ 1, Br. at 5-8 (Shepherd raising adequacy); Objection of Miss. Class Member Naomi Crocker, copy attached hereto as Exhibit 13, ¶¶ 2, 13 (Crocker on adequacy); Objectors' Mot. to Intervene for a Limited Purpose, copy attached hereto as Exhibit 14, ¶ 11 (Goad, Jones, McCarthy, *et al.* arguing adequacy of representation); Mot. to Intervene by Putative Class Member and Objector Audrey [sic] Hunter, copy attached hereto as Exhibit 15, at 2 (Hunter contesting adequacy).

[18] For the same reasons, plaintiff's argument that the *Runyan* action was not fully contested in good faith (Pl's Resp. at 7, 9, 11 n.2, & 14-16) is baseless.  A simple review of the *Runyan* record reveals volumes of briefing and evidentiary materials, months of litigation over countless motions and objections, and several hearings, including a fairness hearing held on November 9, 2009.  Final Judgment was not entered until December 21, 2009.

### III. PLAINTIFF HAS NO RIGHT TO ANY DISCOVERY REGARDING THE *RUNYAN* SETTLEMENT, AND PLAINTIFF'S DISCOVERY REQUEST SHOULD BE DENIED

Plaintiff filed this copycat case long after the parties in *Runyan* had reached a class action settlement, and his attempts to prosecute this case as a class action subsequent to entry of Final Judgment in *Runyan* is barred by the Full Faith and Credit Act and Arkansas law governing *res judicata*.[19]  His attempt to harass Transamerica with costly relitigation of settled claims should be firmly rejected by this Court, as well as his unsupportable request for discovery "into the Joint Status Report filed in *Harris*, as well as the settlement negotiations in *Runyan*.  Response at 17-18.  As demonstrated, plaintiff has no standing to collaterally challenge the *Runyan* Settlement, and his request for discovery is legally unjustifiable.

Moreover, the discovery plaintiff seeks is, in any event, entirely irrelevant.  The Joint Status Report in the individual *Harris* action leaves nothing to discover in light of the parties' May 14, 2009 filing in *Harris* of their Settlement Agreement and the *Runyan* Preliminary Approval Order.  Plaintiff has failed to articulate how any such discovery would give him a right to avoid Full Faith and Credit.  Plaintiff's assertion that he requires time for "issuance of a subpoena" to discover the *Runyan* court record and settlement negotiations is particularly meritless because plaintiff's own counsel has already obtained and copied the *Runyan* court record from the Arkansas Supreme Court (20 volumes) with the exception of certain sealed

---

[19] Plaintiff acknowledges that this Court must apply Arkansas law, but he ignores entirely the Arkansas Supreme Court's decision in *Ark. La. Gas Co. v. Taylor*, 858 S.W. 2d 88, 91 (Ark. 1993) which expressly held that a person whose claims are extinguished by *res judicata* cannot participate in a class action.

documents such as the private names and addresses of former class members.[20]   Plaintiff's request for discovery is without merit and should be denied.

## CONCLUSION

For all of the reasons set forth above and in Transamerica's Motion, the Court should enter an Order granting the Motion, and eliminating the class action allegations from this action.

Respectfully submitted,

/s/ Markham R. Leventhal

| | |
|---|---|
| John K. Baker, Esq., Ark. Bar No. 97024 | Markham R. Leventhal, Esq. |
| MITCHELL, WILLIAMS, SELIG, | Farrokh Jhabvala, Esq. |
|   GATES & WOODYARD, P.L.L.C. | JORDEN BURT LLP |
| 425 West Capitol Avenue, Suite 1800 | 777 Brickell Avenue, Suite 500 |
| Little Rock, Arkansas  72201 | Miami, Florida  33131 |
| Telephone:  (501) 688-8800 | Telephone:  (305) 371-2600 |
| Facsimile:  (501) 918-7850 | Facsimile:  (305) 372-9928 |
| jbaker@mwlaw.com | ml@jordenusa.com |
| | fj@jordenusa.com |

*Attorneys for Defendants Transamerica Life Insurance Company and AEGON USA, LLC*

---

[20] *See* Appellant Daniel Crager's Motion for Extension of Time to File Brief, filed April 28, 2010, copy attached hereto at Exhibit 16.   Plaintiff's counsel in this case is simultaneously pursuing an appeal in *Runyan* on behalf of Mr. Crager.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2010, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gail O. Matthews, Esq.
Doralee I. Chandler, Esq.
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

Frank H. Tomlinson, Esq.
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203

*Attorneys for Plaintiff*


_____/s/ Markham R. Leventhal_____

186793