## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

ROBERT W. HALL, individually and                PLAINTIFF
on behalf of all others similarly situated,

v.                                Case No. 1:09-CV-00057 JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, *et al.*

                                      DEFENDANTS

## <u>MOTION FOR RECONSIDERATION</u>

Plaintiff Robert W. Hall ("Plaintiff Hall") respectfully moves this Court to reconsider its order denying class certification and striking Plaintiff Hall's class allegations, and in support states:

1. On April 13, 2010, Defendants filed their <u>Motion to Deny Class Certification and Eliminate Plaintiff's Class Action Allegations</u>. (Doc.# 24) On May 27, 2010, Plaintiff Hall filed his response in opposition to Defendants' motion. (Doc.# 35) On July 9, 2010, this Court entered an Order granting Defendants' motion to deny class certification and striking class allegations. (Doc.# 40)

2. In its Order denying class certification and striking Plaintiff's class allegations, this Court determined that the decision in *Edison Runyan, et al. v.*

1

*Transamerica Life Ins. Co., et al.*, Case No. 09-2006-3, Circuit Court of Arkansas was entitled to full faith and credit. (Doc.# 40 at 9). This Court also determined that *res judicata* and collateral estoppel barred Plaintiff's class allegations. (Doc.# 40 at 12). The determination that both class certification and Plaintiff's class allegations were barred by those doctrines was based on this Court's finding that the same arguments and evidence of collusion presented herein were also brought before the Arkansas Circuit Court in *Runyan*, and that the Circuit Court "thoroughly and deliberately" considered those arguments, and rejected them. (Doc.# 40 at 11-12).

3.      However, the Circuit Court in *Runyan* did not have all of the current evidence before it when it approved the Settlement Agreement. No party presented to the Circuit Court the actual evidence of collusion presented in Plaintiff's response to Defendants' motion to deny class certification. Specifically, Defendants' misrepresentation to the *Harris* court in the Middle District of Louisiana that the parties had made no effort to settle the case, which was made several days after the *Runyan* settlement was finalized and on the same day that Arkansas Circuit Court granted preliminary approval, nor any evidence of similar weight, was ever considered by the *Runyan* court during the fairness hearing. This evidence of collusion, and the fact that the *Runyan* court *never*

*considered it* before it determined that there was no collusion in the *Runyan* settlement, is sufficient to defeat the contention that Plaintiff's class allegations are barred by full faith and credit, *res judicata*, collateral estoppel, or the "release" in the *Runyan* settlement.

      4.     Plaintiff asks that the Court reconsider its decision to deny class certification and strike class claims, and, in light of the evidence of collusion in the *Runyan* settlement, as previously set forth in <u>Plaintiff's Response in Opposition to Defendants' Motion to Deny Class Certification and Plaintiff's Cross-Motion for Discovery and Supporting Memorandum of Law</u>, permit Plaintiff to conduct discovery of the circumstances surrounding the *Runyan* settlement.  Defendants and class counsels' misrepresentation to the *Harris* court in its own right challenges class counsels' competency to negotiate a settlement, let alone, spearhead this class action.  The timing of the misrepresentation to the *Harris* court is potential evidence of collusion between the parties.  If Plaintiff were permitted to undertake discovery focused on the timing of the misrepresentation, Plaintiff would then be able to submit to this Court sufficient evidence determining  whether collusion tainted the approved settlement.  The timing suggests, at a minimum, a concerted effort to conceal the proposed settlement that eventually became approved by the *Runyan* court.

5.     Because the *Runyan* court did not have the information regarding the misrepresentation in *Harris* before it approved the proposed settlement, Plaintiff urges this Court to rescind the granting of full faith and credit to the *Runyan* court's final judgment approving the settlement, and not wait for resolution of the pending *Runyan* appeal.   Defendants and class counsel may argue that the misrepresentation in *Harris* was theoretically "available" before the approval of the *Runyan* settlement, so that fact alone should be sufficient to grant full faith and credit to the *Runyan* final judgment.   Any such argument is hollow for several reasons.

(a)     Allowing those who made this blatant misrepresentation to benefit from it, thereby encourages an alarming lack of candor to future tribunals.

(b)     The parties with actual knowledge of the document are the only parties who had the ethical duty to reveal its existence during the fairness determination in Arkansas.

(c)     Third, and most important, in the realm of equity governing all class actions,  the presence of collusion  must  preclude application of full faith and credit where information clearly relevant to the determination of a settlement's fairness was intentionally and

4

wrongfully withheld from both state and federal judicial forums.

6.      Class and defense counsel may claim no duty existed to reveal their ongoing settlement efforts to parties in other cases, but the duty of unhesitating candor toward the tribunal, especially in class actions where the tribunal is charged with a fiduciary duty to absent class members, is absolute and inescapable.

7.      Therefore Plaintiff requests that the Court reconsider its denial of class certification, at least for the limited purpose of allowing Plaintiff Hall to conduct additional discovery.

WHEREFORE, Plaintiff Hall respectfully requests that this Court

a.      Grant Plaintiff Hall's Motion for Reconsideration of this Court's Order denying class certification and striking class allegations;

b.      Allow Plaintiff Hall to conduct discovery to uncover further evidence of collusion surrounding the *Runyan* settlement; and

c.      Provide any and all other relief that this Court deems just and proper.

Respectfully submitted,

MATTHEWS, SANDERS & SAYES

By:_____/s/ Doralee Chandler___
        Doralee Chandler #98179
        Gail O. Matthews #60025

5

825 West Third Street
Little Rock, AR 72201
Telephone:  501/378-0717
dchandler@msslawfirm.com
rsanders@msslawfirm.com


Frank H. Tomlinson
Ala. Bar No. ASB-7042-T66F
15 North 21st Street, Suite 302
Birmingham, AL 35203
Tel. (205) 326-6626
Fax (205) 328-2889
htomlinson@bellsouth.net

Attorneys for the Plaintiff

## Certificate of Service

I hereby certify that on the 19th day of July, 2010, a true and correct copy of the above and foregoing instrument was duly served on the other parties herein by electronic correspondence or by mailing a copy of same, postage prepaid, to:

Mr. John K. Baker
Mitchell, Williams, Selig,
Gates & Woodyard, PLLC.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas  72201


Mr. Markham R. Leventhal
Jorden Burt LLP
777 Brickell Ave., Suite 500
Miami, Florida 33131


                                        /s/ Doralee Chander
                                        Doralee Chandler