# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROBERT W. HALL                                                                                    PLAINTIFF

v.                                  Case No. 1:09-CV-00057-JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.                                                                                  DEFENDANTS

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF
AEGON USA, LLC'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendant AEGON USA, LLC hereby submits this statement of material facts as to which it contends there is no genuine issue to be tried:

1. On September 17, 1994, plaintiff Robert W. Hall, an Alabama resident, purchased a cancer insurance policy (the "Policy") from Equity National Life Insurance Company ("Equity National"). *See* Declaration of Connie Whitlock ("Whitlock Decl."), Exhibit A (Policy, including Application). The Application shows that the plaintiff applied for a Cancer Expense Policy from Equity National in Little Rock, Arkansas, and the Policy was in fact issued by Equity National to the plaintiff effective September 17, 1994. *Id.*

2. There is no mention of AEGON USA, LLC in the Application or Policy. *Id*.

3. The plaintiff did not enter into any contract with AEGON USA, LLC. *Id*.

4. In 1995, Equity National merged into Life Investors Insurance Company of America ("Life Investors"), which assumed administration of the Policy. Whitlock Decl. ¶ 6. Effective October 2, 2008, Life Investors merged into Transamerica Life Insurance Company ("Transamerica").

5.      The Policy insures for "loss incurred" and provides certain "limited" benefits for expenses incurred from cancer:

> We agree to insure you for *loss incurred*, while this policy is in force, from Cancer first Positively Diagnosed after the "waiting period", subject to the provisions on the following pages of this policy.

Policy at p. 1 (emphasis added).

6.      Many of the benefits are based on the "actual charges" incurred by the insured for certain services. For example, the Policy pays benefits for the "actual charges" for certain laboratory tests up to $150 per hospital stay, the "actual charges for drugs and medicines" while hospitalized up to a certain maximum, and the "actual charges" for certain radiation therapy and chemotherapy treatments. *See, e.g.*, Policy, Sec. E, ¶¶ 1, 2, 11, 12.

7.      As a condition precedent to receiving any benefits under the Policy, the insured is required to submit written "proof of loss" for "each incurred expense." Policy, Sec. C, at p. 6 ("Proof of loss must be submitted to us for each incurred expense"); *id.*, Sec. K, ¶ 9 ("Indemnities payable under this policy for any loss will be paid as soon as we receive proper written proof of loss.").

8.      Plaintiff complains about the payment of certain benefits under his Policy based on the "actual charges" for certain medical treatment. Complaint ¶ 42.

9.      The plaintiff submitted claims to Life Investors, not AEGON USA, LLC. Whitlock Decl. ¶ 9.

10.     AEGON USA, LLC is not incorporated or licensed to do business in Arkansas. *See* Declaration of James Beardsworth ("Beardsworth Decl.") ¶¶ 5-7.

11.     AEGON USA, LLC is incorporated pursuant to the laws of the State of Iowa and maintains its principal place of business in Cedar Rapids, Iowa. *Id.* ¶ 5.

2

12. AEGON USA, LLC is a holding company, not an insurance company, and it does not underwrite or sell insurance policies in Arkansas. *Id*. ¶ 6.

13. AEGON USA, LLC does not own any property or maintain any offices in Arkansas (*id*. ¶ 9), does not have any employees or sales agents in Arkansas (*id*. ¶ 8), and does not pay any taxes in Arkansas. *Id*. ¶ 10.

14. AEGON USA, LLC does not maintain an agent for service of process in Arkansas. *Id*. ¶ 5.

15. AEGON USA, LLC has not entered into any contract with plaintiff in Arkansas, nor has it engaged in any other transaction with plaintiff in Arkansas. *Id*. ¶ 18.

16. At all times, AEGON USA, LLC was a separate and distinct legal entity from Equity National prior to Equity National's merger into Life Investors. *Id*. ¶ 11.

17. At all times, AEGON USA, LLC was a separate and distinct legal entity from Life Investors prior to Life Investors' merger into Transamerica. *Id*. ¶ 12.

18. At all times, AEGON USA, LLC and Transamerica have been separate and distinct legal entities which at all times have observed corporate formalities, including but not limited to maintaining separate books and records. *Id*. ¶¶ 13-15.

19. Transamerica is not a direct subsidiary of AEGON USA, LLC. *Id*. ¶ 14. Transamerica is a subsidiary of Transamerica International Holdings, Inc. ("Transamerica International"), which owns 100% of Transamerica's voting stock. *Id*. Transamerica International is a direct subsidiary of AEGON USA, LLC. *Id*.

20. AEGON USA, LLC does not direct the day-to-day business operations and activities of Transamerica. *Id*. ¶ 16.

3

21. AEGON USA, LLC and Transamerica each have, and have always had, separate Boards of Directors. *Id*.

22. AEGON USA, LLC did not enter into any insurance contract or other contract with plaintiff. No insurance premiums were paid to or accepted by AEGON USA, LLC. *Id*. ¶¶ 17-21.

23. All of the claims submitted by plaintiff under his Policy were administered by Life Investors in Louisville, Kentucky, and all correspondence related to Mr. Hall's claims occurred between Life Investors' offices in Louisville, Kentucky and Hall's home in Linden, Alabama. Whitlock Decl. ¶ 9.

24. In 2008, Transamerica transferred the administration of Mr. Hall's policy to Little Rock, Arkansas, but Hall has not submitted any claims to Transamerica's Arkansas facility. *Id*.

25. AEGON USA, LLC did not process, pay, or deny any of plaintiff's claims under his Policy. Beardsworth Decl. ¶ 19. Nor does AEGON USA, LLC process or pay claims under any cancer insurance policies issued by Equity National, Life Investors, or Transamerica. *Id*.

26. None of the claims examiners who handled claims for plaintiff's Policy, and no members of the claims department who handle claims for Transamerica's supplemental cancer insurance policies, were employed by AEGON USA, LLC. Whitlock Decl. ¶ 10.

27. On February 10, 2006, Connie Whitlock, a senior vice president of Life Investors, sent a letter to plaintiff from Life Investors' Louisville, Kentucky office. Complaint ¶ 5; Whitlock Decl. ¶ 7. The 2006 Letter explained the meaning of the phrase "actual charges" as used in Hall's Policy, how Transamerica (then, Life Investors) interpreted "actual charges," and what type of "proof of loss" was required under the Policy to support a claim for benefits based on actual charges. *Id*. The 2006 Letter also enclosed updated Claim Forms to be used in the

event the insured should ever need to submit a claim for benefits under the Policy in the future. *Id*.

28. Ms. Whitlock sent the 2006 letter on behalf of Life Investors, not AEGON USA, LLC. *Id*. ¶ 8.

29. AEGON USA, LLC has not communicated with plaintiff regarding claims under his Policy. *Id*. ¶ 9. AEGON USA, LLC was not involved in handling or responding to any complaints by Hall to any Departments of Insurance regarding claims under his cancer insurance policy. Beardsworth Decl. ¶ 19.

30. In October, 2010, Mr. Hall contacted Transamerica and requested cancellation of his Policy. Whitlock Decl. ¶ 12. The Policy was cancelled effective October 17, 2010 and is no longer in force. *Id*.

31. Plaintiffs' discovery responses make no mention of AEGON USA, LLC.

Respectfully submitted,

/s/ Markham R. Leventhal

| | |
|---|---|
| John K. Baker, Esq., Ark. Bar No. 97024<br>MITCHELL, WILLIAMS, SELIG,<br>  GATES & WOODYARD, P.L.L.C.<br>425 West Capitol Avenue, Suite 1800<br>Little Rock, Arkansas  72201<br>Telephone:  (501) 688-8800<br>Facsimile:  (501) 918-7850<br>jbaker@mwlaw.com | Markham R. Leventhal, Esq.<br>Farrokh Jhabvala, Esq.<br>Julianna Thomas McCabe, Esq.<br>JORDEN BURT LLP<br>777 Brickell Avenue, Suite 500<br>Miami, Florida  33131<br>Telephone:  (305) 371-2600<br>Facsimile:  (305) 372-9928<br>ml@jordenusa.com<br>fj@jordenusa.com<br>jt@jordenusa.com |

*Attorneys for Defendant AEGON USA, LLC*

191164

5