**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

ROBERT W. HALL, individually and                                                                    PLAINTIFF
on behalf of all others similarly situated

v.                                              Case No. 1:09CV00057 JLH

EQUITY NATIONAL LIFE INSURANCE
COMPANY, *et al.*                                                                                          DEFENDANTS

## ORDER

Robert W. Hall commenced this action against the defendant insurance companies alleging that he purchased a cancer insurance policy from one or more of the defendants and that the defendants breached the contract by failing to pay the full amounts due under the contract after Hall was diagnosed with cancer. Hall proposed to represent a nationwide class. The Court granted a motion by the defendants to deny class certification and to strike Hall's class allegations. Upon reviewing the complaint, the Court now questions whether it has subject matter jurisdiction over this matter. *Cf. Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (federal courts are courts of limited jurisdiction and are obligated to consider *sua sponte* their jurisdiction to entertain a case where jurisdiction may be lacking).

Hall's jurisdictional allegation appears in paragraph 25 of the complaint, where he alleges:

> This Court has jurisdiction over this matter and over these parties pursuant to 28 U.S.C. § 1332(d) because minimum diversity exists between certain members of the proposed class, including the named Plaintiff, and Defendants. The amount in controversy, including any and all amounts due to Plaintiff Hall and members of the class for restitution and damages, exceeds $75,000.

Jurisdiction under 28 U.S.C. § 1332(d) requires an amount in controversy exceeding $5,000,000, which was not alleged. In the absence of a class action, the amount in controversy for a diversity case must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(b). It is not apparent

from the complaint that Hall alleges that the amount in controversy exceeds $75,000 for his claim, which is the only claim to be resolved. In paragraph 42, Hall alleges that the defendants paid $1,483.58 in benefits for surgery, when he should have received the maximum allowable under the policy, which was $1,700. Hall also alleges that he was paid only $370 for anesthesia, whereas the payment should have been $425. Thus, paragraph 42 alleges damages in the amount of $216.42 for surgery and $55 for anesthesia, making $271.42 the total amount of damages alleged. The complaint lacks allegations sufficient to show that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(b).

Rule 8(a)(1) provides that a pleading that states a claim for relief must contain a short and plain statement of the grounds for the Court's jurisdiction. An allegation must include a good faith allegation showing that the amount in controversy exceeds the minimum amount for diversity of citizenship jurisdiction. *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Because the complaint in this action lacks a good faith allegation that the amount in controversy between Hall and the defendants exceeds $75,000, exclusive of interest and costs, this action will be dismissed without prejudice unless Hall files a motion for leave to amend the complaint on or before January 10, 2011, with a proposed amended complaint attached as required by Local Rule 5.5(e). The proposed amended complaint must contain good faith allegations sufficient to permit the Court to exercise subject matter jurisdiction in this case. Otherwise, this action will be dismissed without prejudice so that Hall can pursue his claims in state court.

IT IS SO ORDERED this 21st day of December, 2010.

```
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE
```