IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ROBERT W. HALL,**                                                             **PLAINTIFF**

v.                      Case No. 1:09-CV-00057-JLH

**EQUITY NATIONAL LIFE INSURANCE
COMPANY, et al.**                                     **DEFENDANTS**

## TRANSAMERICA'S MOTION FOR LEAVE TO FILE
## BRIEF ADDRESSING SUBJECT MATTER JURISDICTION

Defendant Transamerica Life Insurance Company ("Transamerica") respectfully moves for an opportunity to file a brief addressing this Court's subject matter jurisdiction in order to respond to the plaintiff's request that the Court dismiss this action, and to address the subject matter jurisdiction issues raised in this Court's December 21, 2010 Order (Docket no. 79). Transamerica requests that it be given eleven days, until January 18, 2011, or such other time as the Court deems reasonable, within which to file its brief addressing subject matter jurisdiction. In support of this motion, Transamerica states the following:

1.      This action was originally filed as a putative national class action, and subject matter jurisdiction was expressly alleged under 28 U.S.C. § 1332(d), also known as the Class Action Fairness Act ("CAFA"). *See* Complaint ¶ 25 (citing 28 U.S.C. § 1332(d)). Although the class action as pled raised an amount in controversy exceeding $5 million exclusive of interest and costs, the complaint did not expressly allege that over "$5,000,000" was in controversy.

2.      There have been several recent U.S. Courts of Appeals decisions addressing the issue of subject matter jurisdiction in a CAFA case after the class action claims are eliminated,

i.e., whether a district court loses subject matter jurisdiction under CAFA after class certification is denied and class claims are dismissed.

3. Although the question of whether subject matter jurisdiction under CAFA survives the denial of class certification was initially answered with great disparity among district courts, every U.S. Court of Appeals to address this issue has since held that the district court's subject matter jurisdiction continues notwithstanding the elimination of the class claims. *See, e.g., United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089 (9th Cir. 2010) ("After denying class certification, the district court concluded that it no longer had jurisdiction and remanded the case to state court. We accepted defendants' appeal to consider whether the denial of class certification divests federal courts of jurisdiction over cases removed under § 1332(d). Today we join the Seventh and Eleventh Circuits in holding that it does not."); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806-07 (7th Cir. 2010) ("We assumed in [another decision] that federal jurisdiction under the Class Action Fairness Act does not depend on certification, and we now join [the 11th Circuit] in so holding."); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) ("jurisdictional facts are assessed at the time of removal; and post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction"); *see also Dealer Computer Servs., Inc. v. Dub Herring Ford*, 623 F.3d 348, 352 n.1 (6th Cir. 2010) (noting that the denial of class certification "has no impact on jurisdiction").[1]

---

[1] Judge Posner explained in *Cunningham* that retaining CAFA jurisdiction after the denial of class certification has a strong basis in policy, namely, to further the purpose of CAFA, which was instituted to encourage the litigation of class actions involving incomplete diversity in federal court, and to adhere to "the general principle that jurisdiction once properly invoked is not lost by developments after a suit is filed" so as to "minimize expense and delay." *Cunningham*, 592 F.3d at 807.

4. Transamerica would like the opportunity to brief this Court on the important issues of subject matter jurisdiction addressed by recent case law and raised in this Court's December 21, 2010 Order.

5. Dismissal of this action without prejudice at this late stage of the proceedings, after the defendants have complied with all pretrial deadlines, including the preparation of expert reports, taking of depositions, preparation of two motions for summary judgment, and other trial preparations, would severely prejudice the defendants.

6. This motion is consistent with traditional notions of due process which would afford a party the opportunity to respond prior to potentially adverse actions and would not prejudice the plaintiff.  Good cause exists for this motion because complete briefing will allow the Court to make a correct and fully informed decision.

For all of the reasons set forth above, Transamerica respectfully requests that the Court enter an Order allowing it until January 18, 2011 to file a brief addressing subject matter jurisdiction.

Respectfully submitted,

*/s/ John K. Baker*

| | |
|---|---|
| Markham R. Leventhal, Esq. | John K. Baker, Esq., Ark. Bar No. 97024 |
| Farrokh Jhabvala, Esq. | **MITCHELL, WILLIAMS, SELIG,** |
| Julianna Thomas McCabe | **GATES & WOODYARD, P.L.L.C.** |
| **JORDEN BURT LLP** | 425 West Capitol Avenue, Suite 1800 |
| 777 Brickell Avenue, Suite 500 | Little Rock, Arkansas  72201 |
| Miami, Florida  33131 | Telephone:  (501) 688-8800 |
| Telephone: (305) 371-2600 | Facsimile:  (501) 918-7850 |
| Facsimile: (305) 372-9928 | jbaker@mwlaw.com |
| ml@jordenusa.com | |
| fj@jordenusa.com | |
| jt@jordenusa.com | *Attorneys for Defendants Transamerica Life Insurance Company and AEGON USA, LLC* |

CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gail O. Matthews, Esq.
Doralee I. Chandler, Esq.
MATTHEWS, SANDERS & SAYES
825 West Third Street
Little Rock, AR 72201

Frank H. Tomlinson, Esq.
Attorney at Law
15 North 21st Street, Suite 302
Birmingham, AL  35203

Paul S. Rothstein, Esq.
Attorney at Law
626 NE 1st Street
Gainesville, Florida 32601

*Attorneys for Plaintiff*

The undersigned hereby certifies that a true and correct copy of the foregoing was served by First-Class U.S. mail upon the following on this 7th day of January, 2011:

N. Albert Bacharach, Jr., Esq.
Attorney at Law
115 NE 5th Avenue
Gainesville, Florida 32601

/s/ John K. Baker

191943